Benjamin P. Cohen v. Commissioner.
Cohen v. Commissioner
Docket No. 40164.
United States Tax Court
1953 Tax Ct. Memo LEXIS 113; 12 T.C.M. (CCH) 1065; T.C.M. (RIA) 53312; September 18, 1953
*113 Held, the petitioner is not entitled to exemption for son whose gross income for the taxable year was over $500. Benjamin P. Cohen, 1213 Meigs Street, Augusta, Ga., pro se. A. F. Barone, Esq., and F. L. Van Haaften, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency in income tax for the calendar year 1948 in the amount of $100. The only question is whether the petitioner is entitled to *114 a dependency exemption on account of his son, Sheldon Bradley Cohen, for the calendar year 1948. Findings of Fact The petitioner, a resident of Augusta, Georgia, in his return for the calendar year 1948 filed with the collector of internal revenue at Atlanta, Georgia, claimed his son, Sheldon Bradley Cohen, as a dependent. The son was a medical student at the University of Georgia Medical School, Augusta, Georgia, where he worked part-time as a research assistant. In 1948 he earned and received $531.68 from this part-time employment. Opinion The sole issue is whether the petitioner is entitled to a dependency exemption on account of his son, Sheldon Bradley Cohen, for the calendar year 1948 under section 25 (b) (D) of the Internal Revenue Code. At the hearing the 1948 tax returns of both the petitioner and his son were introduced in evidence by the respondent. Sheldon Cohen's return disclosed that his only income for 1948 was $531.68 received from part-time employment. The petitioner in his 1948 return claimed his son, Sheldon, as an exemption and attached to his return an "Explanation of Income of Sheldon Cohen." In his explanation the taxpayer stated *115 that Sheldon's income was $531.68 for the year. He then deduction $65 from this amount as the yearly depreciation of Sheldon's medical instruments and medical books and termed the resulting $466.68 as Sheldon's "net income" for 1948. On the basis of the explanatory statement attached to his income tax return the petitioner's argument presumably is that in determining his son's gross income as this term is used in section 25 (b) (D), an amount for depreciation of the son's medical instruments and medical books should first be deducted from his total wages for the year. However, the petitioner offered no oral argument on this point at the hearing. No written briefs have been filed. Section 25 (b) (D) of the Internal Revenue Code allows the taxpayer an exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $500. Gross income is defined in section 22 (a) of the Code as including gains, profits and income derived from salaries, wages, or compensation for personal services (including personal services as an employee of a state or any of its agencies or instrumentalities) of whatever *116 kind and in whatever form paid. By definition, therefore, no allowance is made for depreciation in the determination of gross income. As related to the instant case "gross income" means simply the total wages received during the year by the petitioner's son from his part-time employment. Nevertheless, as we understand it, the petitioner's argument is that this section of the Code is not based on reason and should be set aside by the Courts. He points out that if his son had a gross income of $499.99 the exemption could properly be claimed, but if the son earned more than the $500 allowed, the credit for the exemption is lost, no matter how slightly the $500 mark is exceeded. The petitioner's argument cannot be accepted. In broad language it has often been said by the courts that exemptions and deductions are matters of legislative grace. Mertens, Law of Federal Income Taxation, section 308, and cases there cited. In allowing dependency credits it would seem that Congress, if it decides to make gross income of the dependent one of the qualifying factors for the credit (as it has), has the power to set a limiting figure on that gross income. The reasonableness of the figure chosen *117 by Congress is not for us to decide. The statutory language is clear and the petitioner has not brought himself within it. The petitioner's son was not properly claimed as a dependent for the calendar year 1948 since his gross income was admittedly in excess of the $500 limitation provided in section 25 (b) (D). Decision will be entered for the respondent.